IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v ) | Case No.:  18-10113-EFM |
| ) | |
| CORY DEETER, ) | |
| ) | |
|     *Defendant*. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On March 1, 2022, Defendant Cory Deeter filed a motion for early termination of his term of probation (Doc. 99).  The Court denied that motion two days later, and Defendant appealed. The United States Court of Appeals for the Tenth Circuit reversed that decision, and remanded the matter to this Court for a more particularized determination.

Mr. Deeter was charged with a three count indictment charging him in Count 1 with falsely making counterfeit obligations and other securities of the United States with intent to defraud, in violation of 18 U.S.C. § 471; in Count 2 with possessing falsely made and counterfeit obligations and securities of the United States with intent to defraud, in violation of 18 U.S.C. § 472; and in Count 3 with uttering (passing) falsely made and counterfeit obligations and securities of the United States with intent to defraud, in violation of 18 U.S.C. § 472.

He entered a guilty plea to all three counts without a plea agreement.  At sentencing, his Offense Level under the United States Sentencing Guidelines was determined to be Level 13, and he presented at Criminal History Category III.  For that presentation, the Guidelines would

recommend a sentence of incarceration of 18 to 24 months, to be followed by a term of supervised release of 1 to 3 years.

The Presentence Investigation Report indicated that although Mr. Deeter had a history of substance abuse, he had lived in an Oxford House and attended Alcoholics Anonymous meetings which he believed had helped him maintain his sobriety, and he was not interested in participating in substance abuse counseling.  It also reported that, prior to his Oxford House residence, he had resided in Valley Hope, after serving 83 days in jail, and that he had a history of initiating physical fights but did not see anger as being a problem.  Notably, during a later stay a Valley Hope, in 2017, he was ultimately discharged for policy violations: smoking marijuana in his room and sharing it with others, refusing to surrender his phone, and throwing a half-eaten bowl of noodles on the floor and stuffing a roll of toilet paper in the toilet.

As noted, the Sentencing Guidelines recommended incarceration for 18 to 24 months, but the Court instead varied downward and gave him a sentence of 3 years of Probation.

After completing 31 months of his term of probation, he moved the Court for early termination (Doc. 99).  His motion asserted that he had successfully completed 31 months of his term of probation, and that his "reintegration into society is complete."  The motion recited that the United States Probation Office reported that Defendant was in good standing, had been compliant with all drug testing, and had a record of successful rehabilitation.  The motion asserted that he had maintained employment and a stable residence.  The Untied States Attorney's Office opposed early termination.

18 U.S.C. § 3564(c) provides that a court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may terminate a previously imposed term of

probation in the case of a felony at any time after one year of probation, if it is satisfied that such action is warranted by the conduct of the defendant and is in the interests of justice.

Addressing first the 3553(a) factors, the Court finds that the nature and circumstances of the offense were serious, as evidenced by the recommendation of the advisory Sentencing Guidelines that the offenses merited a term of incarceration of up to two years; the history and characteristics of the defendant show that he was in good standing with the United States Probation Office and had been complaint with all drug testing during the current term of probation, but his prior history of treatment or supervision showed patterns of noncompliance or failure to admit or cooperate with supervision and treatment; the need for the sentence imposed on the defendant to reflect the seriousness of the offense and provide just punishment and promote respect for the law should be evaluated in terms of the variance which the Court had already granted the defendant – over the objection of the government – in sentencing him to a term of probation rather than the recommended term of incarceration; and the need for the sentence to afford adequate deterrence to further criminal conduct and to protect the public from further crimes of the defendant must also be evaluated in terms not just of the defendant's successful performance over the two and one-half years of current supervision, but over his overall history.

Ultimately, therefore the Court determines that the interests of justice are not served by further shortening Defendant's term of probation, from the sentence initially imposed which was already a downward variance from the recommended sentence. Therefore, upon particularized consideration of the factors related to the motion on remand, the Court determines for the above stated reasons that the defendant's motion for early termination of his term of probation must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination (Doc. 99), is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE